RHEIMS et al. v. BRACKEN—McAVENEY CO. et al.

(Supreme Court, Appellate Division, Second Department.   May 1, 1912.)

FRAUDULENT CONVEYANCES (§ 304*)—ACTIONS TO CONVEY—RIGHT TO TEMPORARY INJUNCTION.

A plaintiff in suit to set aside a transfer of property claimed to have been fraudulent in aid of an attachment is not entitled to enjoin the transferee from disposing of the property during the pendency of the action, where the transfer was for the purpose of paying a binding obligation, and vested the legal title in the transferee.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 910–916; Dec. Dig. § 304.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Special Term, Kings County.

Action by Cyrus Rheims and others against the Bracken-McAveney Company and others in aid of attachments. From an order denying a motion to continue during the pendency of the action a preliminary injunction, plaintiffs appeal. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Joseph M. Gazzam, of New York City (Frank S. Angell, of New York City, on the brief), for appellants.

Thomas F. Magner, of Brooklyn, for respondent Wachtel-Schuh Horse Co.

WOODWARD, J. The plaintiffs bring this action in equity in aid of attachments levied on behalf of the plaintiffs upon a fund deposited with the Hamilton Trust Company under the provisions of a stipulation between the Wachtel-Schuh Horse Company and a temporary receiver in bankruptcy, by the terms of which agreement the fund was to be paid over to the Wachtel-Schuh Horse Company in the event that the court should find that it was without jurisdiction in the bankruptcy proceeding, to which the plaintiffs in this action were parties. It was determined that the bankruptcy court was without jurisdiction, and the plaintiffs then attached the fund belonging under the stipulation to the Wachtel-Schuh Horse Company, on the theory that this fund equitably belonged to the Bracken-McAveney Company, certain transfers to the Wachtel-Schuh Horse Company being alleged to have been made with the fraudulent intent of hindering and delaying the plaintiffs in the collection of their claims against the defendant company. That is, it is the contention of the plaintiffs that, having failed in the bankruptcy proceeding, they have a right to attach a fund, legal title and right to possession of which is in the Wachtel-Schuh Horse Company, and then to call in a court of equity and to restrain the legal owners of the fund and its custodian from doing anything with said fund until the plaintiffs' rights to set aside the transfer to the Wachtel-Schuh Horse Company on the ground of fraud has been determined. No case has gone farther in this direction than that of People ex rel. Cauffman v. Van Buren, 136 N. Y. 252, 32 N. E. 775, 20 L. R. A. 446, and that case is not a sufficient justification for the result sought to be accomplished here. In that case the sheriff had levied upon certain property under judgments alleged to have been fraudulently and collusively procured, and the plaintiffs had attached the same property and were entitled to whatever remained after the satisfaction of the fraudulent judgments. Under these special circumstances, upon a complaint clearly pointing out the fraud, the court enjoined the defendants from selling the property under their fraudulent judgments until the plaintiffs had had an opportunity to show the fraud in the procuring of the judgments. In that case the court distinctly say:

"The case would be different if executions had not been issued upon the fraudulent judgments. The mere existence of a fraudulent transfer would not be sufficient to authorize a court of equity to entertain an action at the suit

of an attaching creditor to set it aside. But, when it is sought to make use of such a transfer for the purpose of removing the attached property from the jurisdiction of the officer who has it in his custody, it is evident that nothing but the equitable arm of the court can prevent the consummation of the wrong."

There the legal title was in the original owner of the property, and this legal title was sought to be divested under fraudulent judgments, to the destruction of the plaintiff's rights. Here the legal title of the fund is in the Wachtel-Schuh Horse Company, and there is no doubt that this transfer was made for the purpose of paying an obligation equally as binding as that of the claim urged by the plaintiffs, and the effort is made to attach the equitable title on the theory of fraud in such transfer, and to hold the entire fund away from the legal owner during the pendency of this action. We think the order appealed from is right, and that the opinion of Mr. Justice Blackmar at Special Term is conclusive upon this question.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.