question of the right to appeal is not involved in this appeal. All concur.

Jacob VINOKUR, respondent, v. Frank C. ELIA, appellant. (Supreme Court, Appellate Division, Second Department. April 7, 1916.) Judgment and order of the County Court of Westchester County affirmed, with costs. No opinion. Jenks, P. J., and Thomas, Mills, and Rich. JJ., concur. Carr, J., not voting.

In the Matter of Elizabeth VOLZE, Deceased. (Supreme Court, Appellate Division, First Department. October, 1915.) Motion to dismiss appeal denied on conditions stated in memorandum per curiam. Order to be settled on notice.

WACHTEL–SCHUH HORSE COMPANY, appellant, v. HAMILTON TRUST COMPANY, respondent. (Supreme Court, Appellate Division, Second Department. April 14, 1916.) Judgment affirmed, with costs. No opinion. Jenks, P. J., and Thomas, Carr, and Putnam, JJ., concur. Rich. J., concurs, upon the ground that the finding in the action by Cyrus Rheims, in which the parties to this action were defendants, involving the right to the deposits with interest, and in which the rate of interest was adjudicated as being 2 per centum per annum, is the law of this case, and res adjudicata.

Albert WADLEY, respondent, v. NEW YORK, WESTCHESTER & BOSTON RAILWAY COMPANY and The City & County Contract Company, appellants. (Supreme Court, Appellate Division, Second Department. April 14, 1916.) Judgment affirmed, with costs, upon the authority of Goodenough v. New York, Westchester & Boston Ry. Co. and another (decided herewith) 158 N. Y. Supp. 1116. Jenks, P. J., and Thomas, Carr, and Rich. JJ., concur. Mills, J., dissents, upon the sole ground that the construction and operation of a railroad for public use are not within the prohibition of the restrictions.

Wesley WAIT, plaintiff, v. POSTAL TELEGRAPH CABLE COMPANY and Central Hudson Gas & Electric Company, defendants. (Supreme Court, Appellate Division, Second Department. May 5, 1916.) Plaintiff's exception to the dismissal of the complaint is sustained and a new trial granted, costs to abide the event, upon the ground that upon the evidence it was a question of fact for the jury whether or not the weak condition of poles Nos. 1, 2, and 3, due to defendant's negligence in maintaining them, was a proximate cause of their fall. Jenks, P. J., and Stapleton, Mills, Rich, and Putnam, JJ., concur.

Edward WALSH and ano., Respts., v. EAST RIVER SAVINGS INSTITUTION, Applt. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

Edward J. WALSH, Applt., v. MISSISSIPPI GLASS CO. et al., Respts. (Supreme Court, Appellate Division, First Department. April 14, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Order filed.

Edward J. WALSH v. MISSISSIPPI GLASS CO. et al. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Motion denied, with $10 costs. Order filed.

Francis L. WARNER, respt., v. GEORGE A. OTIS CO., applt. (Supreme Court, Appellate Division, Fourth Department. March 29, 1916.) Order affirmed, with $10 costs and disbursements. All concur.

WARNER–GODFREY CO., Respt., v. TRIANGLE WAIST CO., Inc., Applt. (Supreme Court, Appellate Division, First Department. April 20, 1916.) Judgment and order affirmed, with costs. No opinion. Order filed.

Arthur WARRINER v. The HOCKING VALLEY RAILWAY CO. (Supreme Court, Appellate Division, First Department. April 28, 1916.) Motion granted; questions certified. Order filed.

Arthur WARRINER v. The HOCKING VALLEY RY. CO. (Supreme Court, Appellate Division, First Department. May 5, 1916.) Motion to dismiss appeal denied. Order filed.

Arthur WARRINER, Respondent, v. The HOCKING VALLEY RAILWAY CO., Appellant. (Supreme Court, Appellate Division, First Department. May 5, 1916.) Appeal from Special Term, New York County. Action by Arthur Warriner against the Hocking Valley Railway Company. From an order denying its motion to make the complaint more definite and certain, defendant appeals. Modified and affirmed.

PER CURIAM. The order appealed from should be modified, by granting the motion to the extent of requiring the plaintiff to state separately the cause of action upon each bond sued upon in the first cause of action as stated in the complaint, and also to state separately the causes of action upon the guaranties specified in the second cause of action as stated in the complaint, and as so modified affirmed without costs. Settle order on notice.

In the matter of the application of the City of New York, relative to acquiring title. etc., for the opening and extending of WASHINGTON AVENUE, BOROUGH OF QUEENS, etc. (Supreme Court, Appellate Division, Second Department. April 7, 1916.) Motion granted. and Henry Doht substituted in the place of Hon. Clarence Edwards, resigned, and order signed.

Josephine WATERS v. John J. DONOVAN. (Supreme Court, Appellate Division, First Department. April 14, 1916.) Motion granted, with $10 costs. Order filed.

Henry A. WEBB, respt., v. ELMIRA WATER, LIGHT & RAILROAD COMPANY, applt. (Supreme Court, Appellate Division, Third Department. May 3, 1916.) Judgment and order unanimously affirmed, with costs.